# Court of Appeals
# of the State of Georgia

ATLANTA,  July 16, 2025

*The Court of Appeals hereby passes the following order:*

**A25E0152. STEVEN RICHARD BUTLER v. M. ANTHONY BAKER, JUDGE.**

In December 2024, the Superior Court of Cherokee County determined that Appellant Steven Richard Butler had failed to comply with the terms of his probation; the trial court continued Appellant's probation but required that Appellant "come into compliance with the filing requirements of the Georgia Department [of] Revenue for tax years 2019 through 2022 and successive years" and pay any outstanding taxes at the time of filing. While Appellant timely complied with the additional condition of probation, he subsequently moved to vacate or modify the December 2024 order. Months later, in May 2025, the trial court granted Appellant's request to terminate probation; consequently, the trial court deemed all pending motions moot, including Appellant's motion to vacate or modify the December 2024 order.  Apparently unhappy that his pending motion to vacate or modify had been deemed moot, Appellant moved to set aside the May 2025 order; on June 5, 2025, the trial court entered an order dismissing the motion to set aside, reiterating that all motions flowing from Appellant's probation status were moot and that "the proper avenue . . . for [Appellant] to seek redress [is] via appeal." Undeterred, the following day -- on June 6, 2025 -- Appellant filed a "Motion to Set Aside Void Judgment" -- challenging the December 2024, May 2025, and June 5, 2025 orders -- as well as a motion urging the trial court to reconsider the June 5, 2025 order; Appellant also filed a notice of appeal from the May 2025 order.

Appellant has now filed in this Court a "Verified Petition for Writ of Mandamus and Brief in Support," asking this Court to "issue a writ of mandamus

compelling [Judge Baker] to docket and rule upon [Appellant's] June 6, 2025 Motion to Set Aside Void Judgment." As an initial matter, the docketing information supplied by Appellant appears to show that the June 6 motion has, in fact, been docketed. Further, while Appellant claims that the trial court has failed to rule on his motion to set aside void judgment, the trial court has already twice ruled that all motions related to Appellant's probation are moot and are now outside the trial court's jurisdiction; in fact, Appellant appears to acknowledge these rulings and simply disagrees with them. In any event, while Appellant asserts that he has "no adquate remedy at law," he has already filed a notice of appeal from the May 2025 order; such an appeal will allow him to challenge both the termination of his probation, as well as the trial court's ultimate conclusion -- which is central to Appellant's mandamus petition -- that all pending motions, including his challenge to the December 2024 revocation order, are moot.

For these reasons, Appellant's petition is hereby denied.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__07/16/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*